## THE PEOPLE *v.* FERNÁNDEZ.

### APPEAL from the District Court of Arecibo.

No. 12.—Decided May 18, 1903.

APPEAL.—CRIMINAL ACTION.—An appeal in a criminal action must be based upon a question of law.

EVIDENCE.—PRIVATE DOCUMENTS.—No errors are committed by a trial court for failure to properly consider the value of private documents, when it appears from all the evidence introduced at the trial, that said documents may be false.

#### STATEMENT OF THE CASE.

The hearing on appeal has been had in this case prosecuted by the People of Porto Rico against Antonio Fernández in the District Court of Arecibo for perjury.

Upon a sworn accusation made by Obdulio Cortés, the *Fiscal* duly filed an information charging that on October 28th, one of the days appointed for the registration of qualified voters for the general election in Porto Rico to be held on November 4, 1902, Antonio Fernández had voluntarily registered in precinct No. 11, of Ciales, after making an affidavit declaring that he owned real property, this affidavit being false, since he was not the owner of said property. To the information was attached the sworn accusation made by Cortés, together with a list of the witnesses for the prosecution.

The information was in due time read to Antonio Fernández who pleaded not guilty and named Juan R. Ramos as his counsel.

The hearing was had on February 5, 1903, when the following private document was offered as evidence for the defense:

"Be it known by this simple and extrajudicial document which I desire should have the same force and validity as if judicially executed, that I, Florencio Fernández, of legal age and married, and in the full enjoyment of my rights, have sold to my son Antonio Fernández four *cuerdas* of land, for the price of sixty dollars, received by me to my entire satisfaction, and whereof the boundaries are: On the east, bounded by lands belonging to

Siendo los linderos por el Saliente, María del Carmen Feliciano, por el Sur con Don Juan R. Trinidad, por el Norte con Don Domingo Colón y por el Poniente con mi misma propiedad, y para que así conste firmo el presente con los testigos en Hato Viejo, Ciales, á 28 de Febrero de 1902.   Testigo.— A ruego por no saber el vendedor, lo hace Elviro Acevedo.   Testigo.—A ruego por no saber Ventura Gines, lo hace Agustín Castro.—A ruego de Don Eusebio Colón, Gabriel Acevedo."

*Resultando :* que celebrado el juicio, el Tribunal en 10 de Febrero último declaró que de la apreciación de la prueba practicada resultan ciertos los hechos alegados en la acusación fiscal, y culpable de perjurio el acusado Antonio Fernandez, y le condenó á la pena de un año de presidio á trabajos forzados y al pago de las costas, debiendo en su defecto sufrir un dia más de prisión por cada dollar que dejare de satisfacer.

*Resultando :* que contra dicha sentencia interpuso la representación del acusado recurso de apelación, exponiendo que hay error de derecho en el fallo, porque no se le dió valor legal al documento privado que literalmente se inserta en el tercer resultando, infringiéndose así el artículo 181 en relación con el 117 del Código Penal y alegando en el mismo escrito el hecho de haber establecido excepción ó protesta contra las preguntas dirigidas por el Fiscal á los testigos presentados par el acusado.

*Resultando :* que el Tribunal, en favor de los derechos de defensa, apreció el escrito anteriormente reseñado no solo como de apelación, sino también como declaración de excepciones y en vista de lo dispuesto en los artículos 298 y 299 del Código de Enjuiciamiento Criminal, dispuso que el párrafo del escrito antes mencionado, en que hace referencia á las excepciones, se entendiese así redactado :

"Durante la vista del proceso contra Antonio Fernandez por perjurio, el Letrado defensor estableció excepción ó protesta contra las preguntas dirigidas por el Fiscal á los testigos presentados por la defensa del acusado, al solo fin de que reconocieran la firma que pusieran al calce del documento privado, á ruego de los testigos del contrato y del vendedor, á quienes preguntó dicho Sr. Fiscal.   ¿ Ud. vió la entrega del dinero ? lo que dió lugar

María del Carmen Feliciano; on the south, by those belonging to Juan R. Trinidad; on the north, by the lands of Domingo Colon, and on the west, by my own property. In witness whereof I sign the present, together with the witnesses, at Hato-Viejo, Ciales, this 28th day of February, 1902. Witness. At the request of the vendor who does not know how to write, Elviro Acevedo. Witness. At the request of Ventura Ginés who does not know how to write, Agustín Castro.—At the request of Eusebio Colón, Gabriel Acevedo ".

The hearing having been had, on the 10th of February last the court declared that by the evidence introduced the facts alleged in the Fiscal's information were proven, and that the accused Antonio Fernández stood convicted of perjury. He was accordingly condemned to serve one year in the penitentiary at hard labor, and to pay the costs, in default whereof he was to suffer an additional imprisonment of one day for every dollar remaining unpaid..

An appeal from this judgment was taken by counsel for the accused who alleged that an error of law had been committed because no legal value was assigned to the private document quoted at length in the third finding of fact, thereby violating section 181, taken in connection with section 117 of the Penal Code, and alleging that an exception or protest had been entered against the questions propounded by the *Fiscal* to the witnesses for the accused.

The court, in deference to the rights of defendant, considered the aforesaid writing not only as an appeal, but also as a bill of exceptions, and in view of the provisions contained in sections 298 and 299 of the Code of Criminal Procedure, directed that the paragraph of the aforesaid writing where reference is made to exceptions, be understood as reading:

" During the trial of the criminal action against Antonio Fernández for perjury, counsel for the defendant entered an exception or protest against the questions propounded by the *Fiscal* to the witnesses who had been called in by counsel for the accused only for the purpose of acknowledging the signatures placed at the bottom of the private document at the request of the witnesses to the contract and of the vendor, they being asked by said *Fiscal*

á que incurrieran en contradicciones respecto á la forma del pago, con los testigos á cuyo ruego firmaron y entre dos firmantes rogados."

*Resultando:* que citadas y emplazadas las partes se personaron ante este Tribunal Supremo, formalizó la parte apelante su recurso que impugnó el Fiscal en representación de El Pueblo de Puerto Rico y se señaló dia para la vista, que tuvo lugar el veinte y nueve del mes próximo pasado, con informe del apelante y del Fiscal.

Abogado del apelante: *Sr. Ramos, (Juan R.)*

Abogado del apelado: *Sr.del Toro,* Fiscal.

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando:* que el delito perseguido y castigado en esta causa tiene el concepto jurídico de *felony* y por tal razón la apelación ha de versar sobre una cuestión de derecho, según el artículo 345 del Código de Enjuiciamiento Criminal.

*Considerando:* que no existe error de derecho de ningún género en la sentencia recurrida, porque el Fiscal, para realizar los altos fines de la justicia, pudo preguntar á todos los testigos en la forma en que lo hizo, y el Tribunal, inspirándose en los mismos principios, declaró pertinentes las preguntas, y apreció rectamente el resultado de la prueba.

*Considerando:* que nada se ha alegado que justifique el hecho de no haberse presentado tal documento en el momento en que Antonio Fernandez fué recusado, siendo así que debe presumirse que lo tenía por ser fechado en 28 de Febrero de 1902, época anterior á la inscripción de aquél como elector, circunstancia ésta que unida á las contradicciones de los testigos, apreciadas por el Tribunal, revelan que no tuvo realidad en la fecha de su otorgamiento. Vistas las disposiciones legales citadas y los artículos 14, 15, 181 y 117 del Código Penal y los demás de aplicación general.

*Fallamos:* que debemos confirmar y confirmamos la sentencia apelada que dictó la Corte de Arecibo en 10 de Febrero último, é imponemos las costas del recurso al apelante

to reply to the question: "Did you witness the delivery of the money? which gave rise to contradictions on their part with the witnesses at whose request they had signed, and between two who had signed by request, as to the manner in which the payment had been made".

The parties having been cited they entered their appearance in the Supreme Court, when the appellant formulated his appeal which was opposed by the *Fiscal*, on behalf of the People of Porto Rico. A day was set for the hearing which was had on the 29th ultimo, when both the appellant and *Fiscal* presented their arguments.

*Mr. Ramos (Juan R.)*, for appellant.

*Mr. del Toro*, (Fiscal), for respondent.

MR. JUSTICE FIGUERAS, after making the above statement of facts, delivered the opinion of the court.

The crime prosecuted and punished in this case amounts to a felony, and therefore the appeal must be based upon a question of law, according to section 345 of the Code of Criminal Procedure.

In the judgment appealed from, no error of law whatsoever has been committed because the *Fiscal*, in order to accomplish the high purposes of justice, could question the witnesses as he did, and the court, inspired by the same principles, declared that the questions were pertinent, and reached a correct conclusion from the evidence.

Nothing has been alleged to justify the failure to present the document at the time Antonio Fernández was challenged, since it is to be presumed that he had it, inasmuch as it was dated February 28, 1902, a date prior to his registration as a voter, which circumstance, added to the contradictions of the witnesses, taken into account by the court, shows that said document did not exist on the date on which it purports to have been executed.

In view of the legal provisions cited, and of sections 14, 15, 181 and 117 of the Penal Code and others of general application, we adjudge that we should affirm and do affirm the judgment appealed from, rendered by the Dis-

Antonio Fernandez; cúmplase la sentencia original, tómese nota de ésta en el libro de Actas y remítase copia certificada de dicha anotación al Secretario de la Corte de Arecibo.

Jueces concurrentes, Sres. Presidente, Quiñones, y Asociados Hernandez, Sulzbacher y MacLeary.

---

EL PUEBLO *v.* RIVERA.

APELACIÓN procedente de la Corte de Distrito de Arecibo,

No. 4.—Resuelto en Mayo 18, 1903.

APELACIÓN EN CAUSAS CRIMINALES.—Las apelaciones que se interpongan en causas criminales para ante el Tribunal Supremo, deberán versar sobre cuestiones de derecho.

II.—SENTENCIA.—ACUSACIÓN.—En causas criminales, el Tribunal de apelación tiene el deber de revisar todas las actuaciones que se sometan á su consideración, y una sentencia dictada por virtud de una acusación que no fuere contradicha ó negada á su debido tiempo, debe aceptarse como correcta.

EXPOSICIÓN DEL CASO.

Vista esta causa procedente del Tribunal de Distrito de Arecibo y seguida entre El Pueblo de Puerto Rico y Eladio Rivera, acusado del delito de seducción y cuya causa se halla en este Tribunal Supremo á virtud del recurso de apelación establecido contra la sentencia condenatoria.

*Resultando:* que la indicada sentencia, dictada en 2 de Diciembre del año próximo pasado, contiene el siguiente:

I.—*Resultando probado:* que Eladio Rivera, vecino del barrio de "Jayuya", término de Utuado, de diez y ocho años próximamente de edad, llevaba amores con la joven doncella, hasta entonces tenida por pura María Luisa Martínez, y bajo promesa de casarse con ella la deshonró; más como siguiera encontrando entorpercimiento para realizar más libremente sus propósitos deshonestos, fraguó el proyecto de casar á la joven María Luisa con el peón Luis Maldonado y tenerla luego por querida; lo que no se llevó á efecto porque María Luisa se resistió cuando ya estaba todo preparado para consumarse la trama".

*Resultando:* que la referida Corte declaró, que los hechos probados constituyen un delito grave de seducción, definido y penado en el artículo 261 del Código Penal, del que es

trict Court of Arecibo, February 10, 1903, and tax the costs of the appeal against the appellant Antonio Fernández. It is hereby ordered that the original sentence be executed; that a memorandum of this opinion be entered in the minute-book, and that a certified copy of said memorandum be forwarded to the Secretary of the District Court of Arecibo.

Messrs. Chief Justice Quiñones, and Associate Justices Hernández, Sulzbacher and MacLeary, concurring.